## Thomas A. Mulchay, Plaintiff in Error, v. John Cullinan, Defendant in Error.

### (Not to be reported in full.)

Error to the Circuit Court of Tazewell county; the Hon. THEODORE N. GREEN, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed April 16, 1915.

### Statement of the Case.

Action of assumpsit brought by Thomas A. Mulchay, a real estate broker, against John Cullinan to recover a commission for procuring a purchaser for real estate under an alleged verbal contract. From a verdict and judgment for the defendant, the plaintiff appeals.

The plaintiff claimed that he was employed by the defendant to and did procure a purchaser for the defendant's farm, and that the deal having been closed with the latter that the plaintiff was entitled to a commission of two dollars per acre as promised by the defendant.

The defendant contended that he did not employ any agent and did not engage the services of the plaintiff; that the plaintiff did not act for him, did not render him any service, and was not the procuring cause of the trade on behalf of the defendant, but was the agent of and acted for the purchaser in the transaction, and was to receive his compensation from him. The weight of the evidence showed that the purchaser and the defendant were negotiating for the exchange of their respective farms before the plaintiff appeared on the scene, and that the purchaser had made his offer to defendant before the plaintiff claimed his contract was made with defendant.

W. B. COONEY, for plaintiff in error.

J. M. POWERS and W. A. POTTS, for defendant in error.

MR. JUSTICE SCHOLFIELD delivered the opinion of the court.

### Abstract of the Decision.

1. BROKERS, § 88*—*when evidence sufficient to sustain verdict for defendant in action for commissions.* The evidence in an action by a broker for commissions for procuring a purchaser for property, *held* sufficient to sustain a verdict for the defendant on the ground that he did not employ the plaintiff.

2. APPEAL AND ERROR, § 1421*—*when judgment doing substantial justice not reversed for technical errors.* A judgment will not be reversed for technical errors in the admission of evidence or the instructions given, where the manifest weight of the evidence on the merits sustains the verdict.